ROANE, Judge.
There are two principal questions in this case. The first is, Whether a creditor can sue upon an administration bond? The second, Whether such suit can be brought previous.to a judgment against the executor, with the necessary proceedings on it to prove a devastavit?
As to the first: It is clear from the whole complexion of the act, the oath it prescribes, and the right of the sureties to demand counter security, &c., that a creditor may sue upon the bond. But it is objected, that it has been held that such an action, at the suit of a creditor, is not maintainable in England under the statute of Charles II. That statute, however, differs in terms from ours; and therefore a decision upon it cannot give a rule in the present case, as our act expressly says, that any party injured may bring suit upon the bond; and a creditor, whose debt has been lost by the misconduct of the executor, is emphatically a party injured. Besides, there have been conflicting decisions upon the English statute; but it is not important to examine them, as the point is so expressly provided for by the act of assembly.
As to the second: It is the province of the court to decide, according to a sound discretion regulated by law, what the creditor should do to prove himself a party injured in the language of the act of assembly, and to consider' of the consequences of sustaining a premature action upon the bond. Now there is but one possible inconvenience which can result from a previous discussion of the executor; namely, that of his absconding : which is supposed to be answered by the observation that it is an extreme case; and in contemplation of law, the testator is always represented; so that there is no inconsistency in requiring a previous suit against the executor; and we ought not to reject a system which embraces the cases which usually happen, because it *does not extend to one that rarely happens; for ad ea, quae frequentius accidunt, jura adaptan tur, is the general rule. But, upon the other hand, the mischief of sustaining an action upon the bond, without a previous suit against the executor, is incalculable. For it is neither reas'onable nor just to put the defence of *739 the estate upon a mere stranger; who knows nothing of the transactions, cannot avail himself of the same pleas that the executor could, and has none of the documents and evidences necessary to resist the claims; which might therefore be frequently recovered of him, when the executor had a good defence. The construction which considers it merely as a suit upon the breach of the literal expression of the bond, is too narrow: It is a suit to establish a debt against the testator also; which ought to be done in a suit against the executor himself, as he is the only person competent to make the proper defence, and put the claim fairly in issue upon the law and the evidence. The bond is only intended as a security against a devastavit, and is not forfeited until that is established. But the cases cited prove that a devastavit can never be alleged, until there is judgment against the executor with a return of nulla bona. Consequently the bond is never liable to be put in suit until the proper proceedings to convict the executor of a devastavit have been had: which has not been done in the present case; and therefore I am of opinion that the judgment ought to be reversed.
HENRY, Judge.
If there be any doubt whether the bond was given a security to creditors, it is time that it should be settled. But there can be no doubt; for the whole complexion of the act of assembly proves that creditors were intended. The executor is to pay the debts and then the legacies. This he stipulates to do; and gives security for performance. Consequently, if he has assets, and fails to pay the debts, he prejudices the creditors; who thereby become parties injured in the language of the act, and therefore are entitled to sue upon the bond, whenever they have ^established their claims, and the default of the executor. The English cases afford curious, but not useful, knowledge, upon the point. To say no more of them, they contradict each other, and are inapplicable to the' case, as the act of assembly has taken up the subject, and must give the rule.
The next question is, What the creditor must do to enable him to bring an action upon the bond? The statute says, that the party injured may sue upon it. But who is such party; and how does he become so, in the question ; for he was not such a party when the bond was executed, and could only become so, by posterior events. The answer to this enquiry is, that he ought in the first place to prove that he is a creditor by a judgment against the executor, who is the proper person to contest the claim: and then that the assets have been wasted; which must be shewn by an execution with a return of nulla bona. Until all this has been done, he is not a party injured within the meaning of the act of assembly; and consequently cannot bring a suit upon the bond. These things, however, have not been attended to in the present case; for although Greme’s executors obtained a judgment, they took no execution; and Waller’s executors brought no suit. Neither of them, therefore, have proved a devastavit in the mode prescribed by law; and consequently neither of them can sue upon the bond, as they have not shewn themselves to be parties injured, according to the meaning of the statute.
But if the proceedings had been right in other respects, the judgment would still have been erroneous in this, that the verdict does not find how much has been wasted: which was essentially necessary; for it is not true, that a devastavit of a penny subjects the executor to pay more than the amount of the waste actually committed.
Upon the whole, I am of opinion that the judgment should be wholly reversed, and not sent back to be further proceeded in, as neither the pleadings nor the evidence, shew that the plaintiffs are entitled to sue upon the bond.
* WYTHE, Chancellor.
It is clear that creditors may maintain an action on the bond. Eor the act directs that the debts shall be first paid, and then the legacies; and that any party injured may put the bond in suit. It is preposterous, therefore, to suppose that the legislature intended to secure the legatees and not the creditors, whom they had preferred in the order of payment, and whose claims were ex debito justitiae. A creditor who loses his debt by the malversation of the executor is at least as much injured as a legatee who loses his legacy; and therefore comes as1 precisely within the letter of the statute. The English cases contradict each other, and have no application to that before the court; for their statute differs from ours; and consequently no decision on it can have any influence in the construction of ours; which comprehends, as a party injured, every person who is prejudiced by the misconduct of the executor, and affords redress to him by an aqtion on the bond.
The other questions admit of a different consideration. The creditor claiming to sue upon the bond must shew that he is a creditor; that there were assets, which have been wasted; and that his debt remains unpaid. Without a combination of all these he is not a party injured; for the mere act of paying debts of inferior dignity, as was done in this case, is not a devastavit, if he retains assets to pay those of higher grade, or pays them himself. To prove himself a creditor, the plaintiff must shew that he has obtained • a judgment against the executor who is the proper person to contest th,e claim; and that he has issued execution and discussed the estate without satisfaction. For it is a dispute which can only be managed by the parties interested; and in every case the law requires that all those who have any interest in the controversy, should be convoked by the plaintiff. Suppose A. agrees to pay B. what C. owes him; can B. call on A. for payment until he ■ establishes his demand against C.? That would leave A. without redress against C., as it would be res inter alios acta and he was never heard, although he might have been able to refute the claim. ^Waller’s executors ought therefore to have shewn that he was a creditor, by a suit and judgment against the executor, with a return of nulla bona upon the execution. In Greme’s case these duties have been discharged so far as to ascertain *740 the claim by a judgment against the executor; but they have not taken an execution, and the omission was fatal. It was objected, that the act of assembly does not prescribe all this tó be done. Bijt it was unnecessary; for when a statute gives a remedy without prescribing a particular mode of proceeding, the mode of the common law is to be pursued. It was also objected, that, if a previous suit were required, there might be a failure of justice in some instances: But there is no weight in the argument’; for the executor is supposed to have acted rightly until the contrary is proved; and, if you cannot proceed against the executor, that is not a reason for fixing the securities; who have a right to say that they undertook for a due administration by the executor only; and that it devolves upon the plaintiffs to prove by due course of law, that it has not taken place. I think, therefore, that the plaintiffs have not. entitled themselves to sue upon the bond; and that the judgment ought to be reversed.